**MEISER, Adm., Plaintiff v KISSINGER et, Defendants.**

Probate Court, Franklin County.

No. 96633.   Filed December 24, 1942.

R. J. Reynolds, Columbus, for Administrator.
C. F. Luckhart, Columbus, for Penn Mutual Life Ins. Co.

## OPINION

By McCLELLAND, J.

This matter is presented to this Court in a proceeding for the sale of real estate of the deceased for the purpose of paying debts. Upon a hearing of this matter it becomes apparent that the estate is entirely insolvent and that all of the real estate of the deceased will have to be sold for the purpose of paying the debts.  The particular parcel of real estate now under consideration is subject to a mortgage to the Penn Mutual Life Insurance Company, which mortgage was given by the decedent during her lifetime.  The mortgage was originally executed on October 11, 1927, and became due on October 11, 1932.  It appears that an extension agreement was entered into by the parties, by the terms of which the due date was extended to October 11, 1937.  In January, 1937, another written agreement of extension was executed by the parties, by the terms

of which the payment of the principal amount was extended to November 1, 1944. There is nothing in the original note, or the extension agreements, which specifically authorize the payment of the same prior to the due dates respectively.

The mortgagee has filed its answer and cross petition setting up the obligation and also the mortgage given to secure same. An order of sale has been issued and the Administrator has received an offer in cash for the property with the condition that the property shall be transferred to him free and clear of all encumbrances. The mortgagee, whose debt does not fall due until November 1, 1944, refuses to accept the amount due, with interest up until this date, but insists that if the money is accepted the Administrator must pay a premium for the privilege of paying said note and mortgage. This is the controversy which the Court is now called upon to settle.

Section 10509-124 GC provides as follows:

"Debts not due may, and, on demand of the creditor shall, if assets are available therefor, be paid by the executor or administrator according to the class to which they belong. If the debt does not bear interest before maturity. it shall be discounted at the legal rate of interest; otherwise the stipulated rate of interest shall be paid to time of payment. If a creditor whose claim is not due refuses to accept payment as herein provided, the executor or administrator shall set aside assets to satisfy such claim. The sufficiency of such assets and the manner and place of holding and preserving the same shall be first approved by the probate judge, after notice to the creditor, and if such assets shall thereafter become insufficient to pay such claim in full because of depreciation or loss, without fault of the executor or administrator, neither the executor nor administrator nor the remaining assets of the estate shall be liable to such creditor by reason thereof.

"After setting aside such assets, the executor or administrator may proceed to make payment and distribution of the remaining assets of the estate and to settle the same, in due course, without recourse by such creditor to the assets so distributed."

Section 10510-21 GC provides as follows:

"Upon the hearing of the cause, if satisfied that all necessary parties defendant are properly before the court, and that the prayer of the petition ought to be granted, the court may determine the equities among the parties and the priorities of lien of the several lienholders on such real estate, and order a distribution of the money arising from the sale, in accordance therewith. The court may in the same cause order contribution among all parties in interest."

Section 10510-22 GC provides as follows:

"When such action is determined by the probate court, the judge thereof shall make the necessary order for an entry of release and satisfaction of all mortgages and other liens upon the real estate except such mortgage as may be assumed by the purchaser as herein provided. The executor, administrator or guardian shall thereupon enter such release and satisfaction, together with a memorandum of the title of the case, the character of the proceedings and the volume and page of record where recorded. upon the record of such mortgage, judgment or other lien in the office where they appear as matter of record. In the event of the failure of the executor, administrator or guardian so to enter such release and satisfaction. the probate court may, on the application of an interested party, so enter such release and satisfaction and the court shall then tax in his cost bill the fee provided by law for entering such release and satisfaction. and also a fee of twenty-five cents to the probate court for such entry."

By the provisions of §10509-124 GC it is provided that if a creditor whose claim is not due, refuses to accept payment as herein provided, the executor or administrator shall set aside assets to satisfy such claim. In doing so, he shall set aside not only the principal then due, but also all interest at the stipulated rate up until the time of payment, i.e., the date of setting aside the assets. When the Court does this, the claim is paid as far as the administrator or executor is concerned. The Court in the exercise of its jurisdiction then shall order the estate released from the obligation, and order the fiduciary to cancel the same, as provided by §10510-22 GC.

In the consideration of §10509-124 GC it has appeared to the Court that the legislature might have meant that the Court should order a sufficient amount of money set off which would not only pay the principal then due, but also yield a sufficient amount of money to equal the interest which would be earned until its due date under the stipulated rate as provided in the note. That is apparently what the mortgagee wished to accomplish when it asked for a bonus of a certain amount before it would accept the principal payment. When the mortgagee made the loan and the extension agreements. it, of course, knew that the mortgagor might die and that the property mortgaged would be subject to administration by the probate court. The death of the mortgagor was a contingency which could not be foreseen, but which it knew might occur. The loan was made with a knowledge of the law on the part of the mortgagee. It therefore is subject to any of the laws of administration which do not affect its substantive rights. In our opinion, the provisions of §10509-124 GC do not affect the substantive rights of the mortgagee. It provides that its obligation shall be paid with interest up

until the time of payment. It is then free to re-loan the money at a higher or lower rate of interest. It is quite probable tnat it would be compelled to loan at a lower rate of interest and thereby entail a small loss, but the mortgagee is charged constructively with the existence of the laws which might entail such a loss in case of the death of the mortgagor.

Should the Court set aside the amount due with interest up until this date, and an additional amount to compensate the mortgagee for the loss of interest up until the due date of the note, it would be compelled to indulge in a certain degree of speculation as to the amount of money which should be set aside, and further, should the mortgagee then decide to accept said sum of money it would be at liberty to invest same. The result then would be that the mortgagee would be receiving interest from two different sources on the same sum of money. It is our opinion that the legislature never intended to create such a situation by enacting the statute in question.

It is our opinion therefore that if the mortgagee will not receive payment of the principal, together with interest at the stipulated rate up until the date of payment, and cancel the mortgage securing said obligation, then the fiduciary should ascertain the amount of the principal due, together with the interest at the stipulated rate up until the time of payment, set same aside for the benefit of the mortgagee, and cancel the mortgage upon the order of the Court.

An order may be drawn accordingly.